# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

---------------------------------------------------------x
BOOST WORLDWIDE, INC., : Case No. 11-CV-2460
:
        Plaintiff, : JUDGE PATRICIA A. GAUGHAN
:
    v. : **ORDER**
:
:
HAIRZ BEAUTY SUPPLY :
:
:
        Defendant. :
---------------------------------------------------------x

    **WHEREAS**, on August 19, 2011, plaintiff Boost Worldwide, Inc. ("plaintiff" or "Boost") commenced the above-captioned action against defendant Hairz Beauty Supply ("defendant" or "Hairz"), alleging trademark infringement pursuant to 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, false advertising pursuant to 15 U.S.C. § 1125, common law unfair competition, common law unjust enrichment, and a violation of MCL §429.42; and

    **WHEREAS**, defendant was served with plaintiff's complaint on November 14, 2011; and

    **WHEREAS**, on January 5, 2012, the Court entered a default against defendant for failure to plead or otherwise defend; and

    **WHEREAS**, Boost currently has the following trademarks registered with United States Patent and Trademark Office: registration No. 2,952,818 (the "'818 Mark"), registration No. 3,163,288 (the "'288 Mark"), registration No. 3,254,019 (the "'019 Mark"), registration No. 2,936,743 (the "'743 Mark"). The '818, '288, '019 and '743 Marks hereafter collectively are referred to as the "Boost Marks" or the "Marks;" and

    **WHEREAS**, the Court having found that defendant has infringed upon the Boost Marks, in violation of 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114; and

**WHEREAS**, the Court having considered plaintiff's application for entry of a default judgment against defendant; and

**WHEREAS**, for good cause shown;

It is on this __2nd__ day of __March__, 2012, ORDERED that Default Judgment be entered against defendant as follows:

1. Defendant hereby is permanently enjoined and restrained from the unauthorized use of the Boost Marks;

2. Defendant hereby is required promptly to (i) remove any and all existing signage and destroy all advertising, displays, literature and other materials bearing the Boost Marks; (ii) cease and desist the use of the Boost Marks in any signage, advertising, displays, literature and other materials going forward; (iii) cease and desist the sale of Boost handsets and other Boost products going forward; and (iv) cease and desist the sale of replenishment minutes, or Re-Boost minutes, for Boost handsets and other products going forward;

3. Pursuant to 15 U.S.C. § 1116, defendant also hereby is required to file with the Court, and serve on plaintiff, a written report under oath detailing the manner in which defendant has complied with the injunction entered by the Court; and

4. Pursuant to 15 U.S.C. § 1117, the Court hereby awards plaintiff (i) its reasonable attorneys' fees in the amount of $3,500; and (ii) its costs in the amount of $995.  Judgment against defendant shall be entered in the amount of $4,495.

/s/ Patricia A. Gaughan

HONORABLE PATRICIA A. GAUGHAN

Dated: 3/2/12